IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE MIDDLE DISTRICT OF FLORIDA 2011 FEB 11 PM 1:33

US DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

| | |
|---|---|
| NANCY JACOBINI, ) | |
| ) | |
| Plaintiff, ) | C.A. No. |
| ) | 6:11-CV-231-Orl-19GJK |
| v. ) | |
| ) | |
| JP MORGAN CHASE, N.A., and ) | |
| CHASE HOME FINANCE LLC. ) | |
| ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1.      Nancy Jacobini, a single woman and Florida homeowner files this case to

pursue redress for her bank breaking into her home prior to the filing of a foreclosure or

obtaining a court order of any kind. On September 28, 2010, Ms. Jacobini was sitting in her

home alone.  She heard someone at the front door trying to break into her house, locked

herself in the bathroom and immediately called 911.  The Orange County Sheriff's Office

arrived, apprehended the intruder and soon learned that the intruder was a contractor sent by

her bank to "secure" her home because she was behind on her mortgage. According to the

Incident Report obtained from the Orange County Sheriff's Office, the intruder was Yehuda

Markovitz who asserted that he was a contractor hired by Lender Processing Services who

had been hired by JP Morgan Chase Bank.

2.      To remedy the damage caused by the Defendants and to prevent future break-

ins, the plaintiff brings the following claims: 1) trespass; 2) negligence; 3) the intentional

infliction of emotional distress; 4) the negligent infliction of emotional distress 5) breach of contract; 6) breach of the duty of good faith and fair dealing; 7) invasion of privacy; and 8) unfair and deceptive acts and practices in violation of the Florida consumer protection statutes.

## PARTIES

3.     The Plaintiff, Nancy Jacobini lives at 12531 Newfield Drive, Orlando, Florida 32837, located in Orange County, Florida.

4.     The defendant J.P. Morgan Chase, N.A. ("JPMC") is a corporation headquartered at 270 Park Avenue, New York, New Yorkwho is believed to hold the plaintiff's loan and mortgage.

5.     The defendant Chase Home Finance LLC ("CHF"), a subsidiary of  JPMC, is the third largest loan servicer in the country servicing over 9 million loans throughout the country. As part of its business, CHF regularly pursues collection and foreclosure on loans its services. CHF's principal place of business is 343 Thornall Street, Suite 73, Edison, NJ08837.
The Defendants are collectively referred to throughout this complaint as "Chase".

## JURISDICTION AND VENUE

6.     This court has jurisdiction pursuant to 28 U.S.C.S. §1332(a)(1) as there exists diversity of all parties and the amount in controversy exceeds $75,000.  The Defendants, as Chase or its employees and/or agents, have sufficient contacts with Florida as they have a substantial number of bank branches here and/or enter into and service a substantial number of loans in the Florida.

7.     Venue is properly laid as all Defendants directly and/or as agents, representatives and/or employees of Chase do business in this jurisdiction or otherwise have substantial contacts

within this jurisdiction.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.      The Plaintiff has lived in her home in Orlando, Florida for fifteen (15) years. The home is well maintained and fully furnished. Ms. Jacobini works during weekdays and regularly comes home to her house after work each day.

9.      Ms. Jacobini currently has a loan and mortgage on her home with Chase. The loan is serviced by CHF.

10.     On or about May 2010 she fell behind on her mortgage payments due to the loss of her job. During all relevant times, Chase had not filed any foreclosure proceedings against the subject property and had not been served with a foreclosure lawsuit or court order of any kind. She had been in the process of applying for a loan modification under the federal Home Affordable Modification Program ("HAMP").

11.     Under HAMP, a participating lender cannot foreclose until the HAMP program has been certified as completed. Chase participates in the HAMP program.

12.     On September 28, 2010 she arrived home from work.   While in her house, she heard someone trying to break into her house through the front door.

13.     She locked herself in her bathroom and called 911 on her cell phone. While in her bathroom she could hear the intruder break in through the front door and enter her house. The horror and fear in her voice is plainly evident in the tape recording of the 911 call.

14.     For approximately fifteen (15) minutes she remained on the telephone with the police in fear for her life. The police arrived, apprehended the intruder and cleared her house so that it was safe for her to come out of her bathroom.

15.     The police learned that the intruder was a contractor sent to her home by Chase to

change the locks in a pre-foreclosure, self-help attempt to "secure" the property.  At all relevant times, the house was occupied, fully furnished, the utilities were on and the Ms. Jacobinilived in the home.

## COUNT 1
### Trespass
### (Vicarious Liability As to All Defendants)

16.    The Plaintiff re-alleges the above paragraphs as if fully set forth in this Count.

17.    The Defendants, their agents, contractors and/or employees entered the Plaintiff's property without permission, authorization or the legal right to do so.

18.    The Defendants, their agents, contractors and/or employees had not filed for foreclosure at the time of the breaking and entering, nor had they obtained a court order authorizing access to the Plaintiff's home.

19.    The actions of the Defendants, their agents, contractors and/or employees were done negligently and/or with gross disregard for the rights of the Plaintiff.

**20.**    The Plaintiff was damaged as a direct and proximate result of the actions of the Defendants, their agents, contractors and/or employees.

WHEREFORE, the Plaintiff requests judgment in her favor on this Count and further requests that she be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.

## COUNT 2
### Negligence
### (As to All Defendants)

21.    The Plaintiff re-alleges the above paragraphs as if fully set forth in this Count.

22.    The Defendants owed a duty to the Plaintiff to act as a reasonable and prudent

lender and/or servicer when instituting property inspections and/or during any foreclosure proceedings, which included the obligation to verify that it had the legal right to enter onto the Plaintiff's property, change the locks to her home and enter her home.

23.     The Defendants, their agents, contractors and/or employees breached the duty they owed to the Plaintiff by entering her home without permission or authorization. The Defendants are directly and/or vicariously liable for the actions of their agents, contractors and/or employees.

24.     The Plaintiff was damaged as a direct and proximate result of the actions of the Defendants, their agents, contractors and/or employees.

WHEREFORE, the Plaintiff requests judgment in her favor on this Count and further requests that she be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.

**COUNT 3**
**Negligent Infliction of Emotional Distress**
**(As to All Defendants)**

25.     The Plaintiff re-alleges the above paragraphs as if fully set forth in this Count.

26.     The Defendants owed a duty to the Plaintiff to act as a reasonable and prudent lender and/or servicer when instituting property inspections and/or during any foreclosure proceedings, which included the obligation to verify that it had the legal right to enter onto the Plaintiff's property, change the locks to her home and enter her home.

27.     The Defendants, their agents, contractors and/or employees breached the duty they owed to the Plaintiff by entering her home without permission or authorization. The Defendants are directly and/or vicariously liable for the actions of their agents, contractors and/or

employees.

28.     The Defendants' actions of breaking into and entering into the Plaintiff's occupied home without instituting foreclosure proceedings, otherwise obtaining a court order and/or providing sufficient and adequate notice were taken with a gross disregard for the Plaintiff's rights and were so severe and outrageous so as to shock the conscience and cause the Plaintiff severe emotional distress.

29.     As evident by the tape of the 911 call, the Plaintiff was locked in her bathroom fearing for her life while an intruder broke the lock to her front door and entered her home.  The 911 tape evidences the Plaintiff's hysteria and fear as she waits for the police to arrive and secure her home. Even after the police arrive, she is advised to remain locked in her bathroom while the police clear the house.

**30.**     In additional to the emotional distress experienced during the break-in and thereafter, the Plaintiff has also lost the feeling of security in her home, still fears for her safety and is constantly concerned about another bank break-in.

WHEREFORE, the Plaintiff requests judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive damages and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.

### COUNT 4
### Intentional Infliction of Emotional Distress
### (As to All Defendants)

31.     The Plaintiff re-allege the above paragraphs as if fully set forth in this Count.

32.     The Defendants, their agents, contractors and/or employees entered the Plaintiff's property and house without permission or authorization.

33.     The Defendants, their agents, contractors and/or employees broke into the Plaintiff's home without instituting foreclosure proceedings, obtaining a court orderand/or providing sufficient and adequate notice.   The Defendants had no legal right to enter the Plaintiff's home.

34.     The Defendants' acts and/or omissions were done intentionally and/or with reckless disregard for the safety of the Plaintiff creating an unreasonable risk of emotional distress. The Defendants' conduct was such that it was certain, or substantially certain, to result in emotional distress.

35.     The acts and conduct of the Defendants, their agents and contractors were extreme and outrageous.   The Defendants are directly and/or vicariously liable for the actions of their agents, contractors and/or employees.

36.     As evident by the tape of the 911 call, the Plaintiff was locked in her bathroom fearing for her life while an intruder broke the lock to her front door and entered her home.   The 911 tape evidences the Plaintiff's hysteria and fear as she waits for the police to arrive and secure her home. Even after the police arrive, she is advised to remain locked in her bathroom while the police clear the house.

37.     In additional to the emotional distress experienced during the break-in and thereafter, the Plaintiff has also lost the feeling of security in her home, still fears for her safety and is constantly concerned about another bank break-in.

WHEREFORE, the Plaintiff requests judgment in her favor on this Count and further requests that she be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.

## COUNT 5
### Breach of Contract
### (As to JPMC, Plaintiff's Note and Mortgage Holder)

38.     The Plaintiff re-alleges the above paragraphs as if fully set forth in this Count.

39.     The Plaintiff entered into a loan now held by JPMC which was governed by the terms and conditions of the parties' note.  The terms and conditions of the note did not permit the Defendant to break into and enter the Plaintiff's home.

40.     The Defendant breached the terms and conditions of the note and the Defendant's breach has caused the Plaintiff damages.

WHEREFORE, the Plaintiff requests judgment in her favor on this Count and further requests that she be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.

## COUNT 6
### Breach of the Duty of Good Faith and Fair Dealing
### (As to JPMC, Plaintiff's Note and Mortgage Holder)

41.     The Plaintiff re-alleges the above paragraphs as if fully set forth in this Count.

42.     The Plaintiff entered into a loan now held by JPMC which was governed by the terms and conditions of the parties' note.  The terms and conditions of the note did not permit the Defendant to break into and enter the Plaintiff's home.

43.     The Defendant broke into and entered the Plaintiff's home without first making meaningful and good faith attempts at notifying the plaintiff and/or determining if the home was

occupied. At the time of the Defendant's break-in, the Defendant had the means and ability to contact the Plaintiff by telephone and in writing to ask if the home had been abandoned. In addition, there was substantial evidence that the home was occupied. The property was well maintained, the utilities were on and the Defendant had received no notice of any kind from the Plaintiff that she had moved or otherwise changed her address.

44.      The Defendant breached the duty of good faith and fair dealing inherent in the loan contract by breaking and entering into the Plaintiff's home. The Defendant's breach has caused the Plaintiff damages.

WHEREFORE, the Plaintiff requests judgment in her favor on this Count and further requests that she be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.

## COUNT 7
### Invasion of Privacy
### (As to All Defendants)

45.      The Plaintiff re-alleges the above paragraphs as if fully set forth in this Count.

46.      The Plaintiff owned and occupied her home. She had a right to privacy in her home.The Plaintiff had the right to be free from unlawful intrusion onto her property and into her home.

47.      The Defendants, their agents, contractors and/or employees broke into and entered the Plaintiff's property and house without permission or authorization with out a legal right to do so.

48.    The Defendants are directly and/or vicariously liable for the actions of their agents, contractors and/or employees.

49.    The actions of the Defendants, their agents, contractors and/or employees were done intentionally and/or with gross disregard for the rights of the Plaintiff and constituted an invasion of the Plaintiff's right to privacy.

50.    As evident by the tape of the 911 call, the Plaintiff was locked in her bathroom fearing for her life while an intruder broke the lock to her front door and entered her home. The 911 tape evidences the Plaintiff's hysteria and fear as she waits for the police to arrive and secure her home. Even after the police arrive, she is advised to remain locked in her bathroom while the police clear the house.

**51.**    In additional to the emotional distress experienced during the break-in and thereafter, the Plaintiff has also lost the feeling of security in her home, still fears for her safety and is constantly concerned about another bank break-in.

WHEREFORE, the Plaintiff request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.

## COUNT 8
### Violations of Florida Consumer Protection Statute
### (As to All Defendants)

52.    The Plaintiff re-alleges the above paragraphs as if fully set forth in this Count.

53.    The Defendants, owned and/or serviced a loan made by the Plaintiff which was secured by a mortgage. The Plaintiff occupied her home and maintained the premises. Although she was behind on her mortgage payments and seeking a federal loan modification, nothing in

the loan, mortgage or the state foreclosure statutes allowed the Defendants or their contractors to break into her home without first filing a foreclosure lawsuit and obtaining a court order.

54.     The Defendant broke into and entered the Plaintiff's home without first making meaningful and good faith attempts at notifying the plaintiff and/or determining if the home was occupied.  At the time of the Defendants' break-in, the Defendants had the means and ability to contact the Plaintiff by telephone and in writing to ask if the home had been abandoned.  In addition, there was substantial evidence that the home was occupied.  The property was well maintained, the utilities were on and the Defendant had received no notice of any kind from the Plaintiff that she had moved or otherwise changed her address.

55.     The Defendants' failure to follow the statutory foreclosure process constitutes an unfair and deceptive act in violation of Florida law.

56.     The Defendants are directly and/or vicariously liable for the actions of their agents, contractors and/or employees.

**57.**     The Plaintiff was damaged as a direct and proximate result of the acts and omissions of the Defendant, its agents, contractors and/or employees.

WHEREFORE, the Plaintiff request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.

### COUNT 9
**Negligent Hiring and/or Training**
**(As to All Defendants)**

58.     The Defendants had a duty of care to hire contractors with the necessary skill and

care to perform property preservation services in compliance with the law. The Defendants also had the duty to train said contractors in the reasonable and proper methods and practices for performing property preservation services, including but not limited to the proper and reasonable manner to inspect a home and determine if it is in fact abandoned. Moreover, the Defendants were obligated to follow any applicable HUD, client and/or investor guidelines for inspecting and securing homes.

59. The Defendants breached the duties they owed to the Plaintiff by failing to hire qualified contractors and/or to properly and adequately train the contractors it hired.

60. As a direct and proximate result, the Plaintiff's home was broken into and invaded in violation of law.

61. The Plaintiff was damaged as a direct and proximate result of the acts and omissions of the Defendants, its agents, contractors and/or employees.

WHEREFORE, the Plaintiff request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON THIS MATTER

Respectfully submitted
On behalf of the Plaintiff,

Matthew Weidner, Esq. TRIAL COUNSEL
Matthew D. Weidner, PA
1229 Central Avenue
St. Petersburg FL 33705
727-894-3159
727-213-62356 (fax)
widener@mattweidnerlaw.com

/ s /  Joseph F. deMello

_____

Joseph F. deMello
BBO# 546017
LAW OFFICE of JOSEPH F. deMELLO, P.C.
71 Main Street
Taunton, MA02747
508-824-9112
508-824-5917 (fax)
josephdemellolaw@verizon.net


/ s / Carlin J. Phillips

_____

Carlin J. Phillips
BBO# 561916
PHILLIPS & GARCIA, P.C.
13 Ventura Drive
N. Dartmouth, MA02747
(508) 998-0800
(508) 998-0919 (fax)
cphillips@phillipsgarcia.com


Dated: February 8, 2011